(No. 1790— )

ELIJAH F. HAYES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

JOE FRANK ALLEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, Elijah F. Hayes, a resident of the City of Mount Vernon, Illinois, herewith presents a claim in the amount of $390.50.

On January 3, 1930, he was enlisted as a member of the Howitzer Company, 130th Infantry, in the Illinois National Guard, rating as a private first-class in said organization. During the period from August 2nd to August 16th, 1930, he was ordered to Camp Grant at Rockford, Illinois, for the annual field training. Upon his arrival at Camp Grant, he was detailed by Captain E. C. Johmson and First Sergeant Lewis Brake to the duty of unloading company equipment from trucks at the tent area to be occupied by the said Howitzer Company. As he was performing this duty, it was necessary for him to unload such heavy equipment that he developed a severe strain, which necessitated his reporting to the regional infirmary for the purpose of treatment. Upon examination by Captain M. E. Baxter, of the Medical Corps, he was ordered to be taken to the Base Hospital at Camp Grant for treatment, being taken there by ambulance. At the Base Hospital, the injury was pronounced to be hernia, left inguinal. The commanding officer of the hospital, after due examination, declined to operate and after a period of two days, the claimant was ordered back to his company for duty. He was instructed by the commander of his organiza-

tion to do no duty that might aggravate the injury. On August 7, 1930, the Board of Inquiry was convened to pass upon the claimant's case. This board heard all the available evidence and took the matter under consideration.

After the claimant returned with his organization to his home at Mount Vernon on August 16th, he found that his condition was growing worse, and upon August 24th, a request for hospitalization and operation was made by his organization commander to the Adjutant General of the State. The claimant further states that authority for the operation was granted by telegram on August 28, 1930, and that he later was allowed disability pay in the amount of $184.50, which amount he received.

The claimant now asks that he be paid for the difference between his loss of salary for eleven and one-half weeks, which was $575.00 and the amount he received from the State, which difference is $390.50.

In this case, the respondent has filed a Plea to Jurisdiction. In view of the general provision of Section 11, Article XVI of the Military and Naval Code, the plea to jurisdiction is overruled.

After careful consideration of all the facts presented, it appears to this court that the claim of the claimant was fairly and favorably passed upon by a Board of Inquiry duly convened on August 7, 1930, in accordance with the provisions of Section 10, Article XVI of the Military and Naval Code. (Par. 142, Chapter 129, Smith-Hurd's Revised Statutes, 1931.)

And it appears to this court that claimant has received full compensation under the above section for the temporary total disability, which is the only claim herein made.

Under the statute full compensation of this claim has been made and therefore the claim is denied and the case dismissed.